UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL BUTLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:15CV1735 HEA |
| | ) |
| | ) |
| NANCY A. BERRYHILL[1], | ) |
| Acting Commissioner of | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

# **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's request for judicial review under 42 U.S.C. § 405(g) of the final decision of Defendant denying Plaintiff's application for disability insurance benefits under Title II of the Social Security Act (Act), 42 U.S.C. §§ 401, *et seq*. For the reasons set forth below, the Court will affirm the Commissioner's denial of Plaintiff's application.

## **Facts and Background**

On October 15, 2013 and October 29, 2013, Administrative Law Judge Robin J. Barber conducted hearings. Plaintiff, Medical Expert Richard A. Hutson, M.D. and Delores Elvira Gonzalez, a Vocational Expert testified. Plaintiff was

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit.

born on November 15, 1964.  He was 48 years old at the time of the hearings. Plaintiff completed high school and he has completed some college.

Plaintiff testified that he has problems bending to pick up a ball or put his socks on.  Walking is a big issue for him because of numbness in his right leg.  He also has pain in his left leg.  Plaintiff further testified that he has had 4 surgeries since he last worked.  The pain in his shoulders is gone since his shoulder surgery, but he continues to have back pain. He has taken narcotic medication for the pain, and has had injections as well.  Although the medication helps the pain, it does not completely alleviate it.  Plaintiff no longer engages in the hobbies he used to and does not get out to see family and friends very much. He has trouble mowing his lawn, and does not go shopping.

The ALJ heard testimony from Dr. Hutson.  Dr. Hutson testified that based upon the medical records he considered, Plaintiff was able to engage in sedentary work with additional restrictions.  Dr. Hutson noted that Plaintiff had no loss of neuroanatomic functioning and recovered well after his surgeries.

In answer to the ALJ's interrogatory regarding whether jobs existed in the national economy considering Plaintiff's limitations, the VE answered that an individual could perform the requirements of a doc preparer and press clipper/cutter/paster.  These jobs were consistent with the Dictionary of

Occupational Titles. The ALJ found there were jobs that existed in significant numbers in the national economy that Plaintiff could perform.

The ALJ determined in her decision of July 3, 2014 that Plaintiff was not entitled to a finding of disabled. The Appeals Council denied Plaintiff's request for review on October 30, 2015. The decision of the ALJ is now the final decision for review by this court.

## Statement of Issues

The issues in a Social Security case are whether the final decision of the Commissioner is consistent with the Social Security Act, regulations, and applicable case law, and whether the findings of fact by the ALJ are supported by substantial evidence on the record as a whole.  Here the Plaintiff asserts the specific issue in this case is whether substantial evidence in the record supports the ALJ's evaluation of Plaintiff's subjective complaints and the medical opinion evidence.

## Standard for Determining Disability

The Social Security Act defines as disabled a person who is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); *see also Hurd v. Astrue*, 621 F.3d 734, 738

(8th Cir.2010). The impairment must be "of such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 1382c(a)(3)(B).

A five-step regulatory framework is used to determine whether an individual claimant qualifies for disability benefits. 20 C.F.R. §§ 404.1520(a), 416.920(a); see also *McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir.2011) (discussing the five-step process). At Step One, the ALJ determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I); *McCoy*, 648 F.3d at 611. At Step Two, the ALJ determines whether the claimant has a severe impairment, which is "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities"; if the claimant does not have a severe impairment, he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c), 416.920(a)(4)(ii), 416.920(c); *McCoy*, 648 F.3d at 611. At Step Three, the ALJ evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant has

(8th Cir.2010). The impairment must be "of such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 1382c(a)(3)(B).

A five-step regulatory framework is used to determine whether an individual claimant qualifies for disability benefits. 20 C.F.R. §§ 404.1520(a), 416.920(a); see also *McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir.2011) (discussing the five-step process). At Step One, the ALJ determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I); *McCoy*, 648 F.3d at 611. At Step Two, the ALJ determines whether the claimant has a severe impairment, which is "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities"; if the claimant does not have a severe impairment, he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c), 416.920(a)(4)(ii), 416.920(c); *McCoy*, 648 F.3d at 611. At Step Three, the ALJ evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant has

such an impairment, the Commissioner will find the claimant disabled; if not, the ALJ proceeds with the rest of the five-step process. 20 C.F.R. §§ 404.1520(d), 416.920(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the ALJ must assess the claimant's "residual functional capacity" ("RFC"), which is "the most a claimant can do despite [his] limitations." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir.2009) (citing 20 C.F.R. § 404.1545 (a) (1)); see also 20 C.F.R. §§ 404.1520(e), 416.920(e). At Step Four, the ALJ determines whether the claimant can return to his past relevant work, by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a) (4) (iv), 404.1520(f), 416.920(a) (4) (iv), 416.920(f); *McCoy*, 648 F.3d at 611. If the claimant can perform his past relevant work, he is not disabled; if the claimant cannot, the analysis proceeds to the next step. *Id*... At Step Five, the ALJ considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if the claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that he is disabled. *Moore*, 572 F.3d at 523. At Step Five, the burden shifts to the Commissioner to establish that the claimant maintains the RFC to perform a

significant number of jobs within the national economy. *Id.; Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir.2012).

**RFC**

A claimant's Residual Functional Capacity (RFC) is the most an individual can do despite the combined effects of all of his or her credible limitations. *See* 20 C.F.R. § 404.1545. An ALJ's RFC finding is based on all of the record evidence, including the claimant's testimony regarding symptoms and limitations, the claimant's medical treatment records, and the medical opinion evidence. *See Wildman v. Astrue*, 596 F.3d 959, 969 (8th Cir.2010); *see also* 20 C.F.R. § 404.1545; Social Security Ruling (SSR) 96–8p. An ALJ may discredit a claimant's subjective allegations of disabling symptoms to the extent they are inconsistent with the overall record as a whole, including: the objective medical evidence and medical opinion evidence; the claimant's daily activities; the duration, frequency, and intensity of pain; dosage, effectiveness, and side effects of medications and medical treatment; and the claimant's self-imposed restrictions. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir.1984); 20 C.F.R. § 404.1529; SSR 96–7p.

A claimant's subjective complaints may not be disregarded solely because the objective medical evidence does not fully support them. The absence of objective medical evidence is just one factor to be considered in evaluating the claimant's credibility and complaints. The ALJ must fully consider all of the

evidence presented relating to subjective complaints, including the claimant's prior work record and observations by third parties and treating and examining physicians relating to such matters as:

(1) The claimant's daily activities;

(2) The subjective evidence of the duration, frequency, and intensity of the claimant's pain;

(3) Any precipitating or aggravating factors;

(4) The dosage, effectiveness, and side effects of any medication; and

(5) The claimant's functional restrictions.

Although the ALJ bears the primary responsibility for assessing a claimant's RFC based on all relevant evidence, a claimant's RFC is a medical question. *Hutsell v. Massanari*, 259 F.3d 707, 711 (8th Cir.2001) (citing *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir.2001)). Therefore, an ALJ is required to consider at least some supporting evidence from a medical professional. See *Lauer*, 245 F.3d at 704 (some medical evidence must support the determination of the claimant's RFC); *Casey v. Astrue*, 503 F .3d 687, 697 (the RFC is ultimately a medical question that must find at least some support in the medical evidence in the record). An RFC determination made by an ALJ will be upheld if it is supported by substantial evidence in the record. *See Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir.2006).

The ALJ must make express credibility determinations and set forth the inconsistencies in the record which cause him to reject the claimant's complaints. *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir.2005). "It is not enough that the record contains inconsistencies; the ALJ must specifically demonstrate that he considered all of the evidence." *Id*. The ALJ, however, "need not explicitly discuss each *Polaski* factor." *Strongson v. Barnhart*, 361 F.3d 1066, 1072 (8th Cir.2004). The ALJ need only acknowledge and consider those factors. *Id*. Although credibility determinations are primarily for the ALJ and not the court, the ALJ's credibility assessment must be based on substantial evidence. *Rautio v. Bowen*, 862 F.2d 176, 179 (8th Cir.1988). The burden of persuasion to prove disability and demonstrate RFC remains on the claimant. *See Steed v. Astrue*, 524 F.3d 872, 876 (8th Cir. 2008).

**ALJ Decision**

The ALJ here utilized the five-step analysis as required in these cases. The ALJ determined at Step One that Plaintiff had not engaged in substantial gainful employment from the onset date of October 28, 2009. The ALJ found at Step Two that Plaintiff had the severe impairments of lumbar degenerative disc disease with fusion surgery, a history of sacroiliitis and fusion surgery, left shoulder impingement with a rotator cuff tear and a right shoulder slap tear with surgical repair.

At Step Three, the ALJ found that Plaintiff did not suffer from an impairment or combination of impairments that meets or medically equal the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (404.1520(d), 404.1525, 404.1526).

As required, prior to Step Four, the ALJ determined that Plaintiff had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a), except that he can lift and carry 10 pounds occasionally and less than 10 pounds frequently. Petitioner can stand and walk for two hours of an 8-hour day and sit for 6 hours of an 8-hour day. Petitioner requires a sit-stand option where he would not have to leave his workstation but would be allowed to stand for five minutes of every hour, and these five minutes would not have to be consecutive. He can occasionally climb stairs, but never climb ladders, ropes, or scaffolds. Petitioner is able to occasionally stoop, crouch, kneel, and crawl. He should not lift overhead with the elbows above shoulder level on either side. Claimant should avoid concentrated exposure to temperature extremes, humidity, wetness and vibrations. He must also avoid unprotected heights, and hazardous moving machinery.

At Step Four it was the finding of the ALJ that Plaintiff was not capable of performing any past relevant work.

Step Five the ALJ concluded that Plaintiff was not under a disability.

## Judicial Review Standard

The Court's role in reviewing the Commissioner's decision is to determine whether the decision "'complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole.'" *Pate–Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir.2009) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir.2008)). "Substantial evidence is 'less than preponderance, but enough that a reasonable mind might accept it as adequate to support a conclusion.'" *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir.2012) (quoting *Moore v. Astrue*, 572 F.3d 520, 522 (8th Cir.2009)). In determining whether substantial evidence supports the Commissioner's decision, the Court considers evidence that supports that decision and evidence that detracts from that decision. *Id*. However, the court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" *Id*. (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir.2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision.'" *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir.2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir.2005)).

Courts should disturb the administrative decision only if it falls outside the available "zone of choice" of conclusions that a reasonable fact finder could have reached. *Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir.2006). The Eighth Circuit has repeatedly held that a court should "defer heavily to the findings and conclusions" of the Social Security Administration. *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010); *Howard v. Massanari*, 255 F.3d 577, 581 (8th Cir. 2001).

**Discussion**

Plaintiff asserts the ALJ did not properly evaluate his credibility regarding his subjective complaints. A review of the record, and the finding of the ALJ relating to the record, establishes that the ALJ did indeed properly credit Plaintiff's subjective complaints.

Plaintiff alleged that he remains in constant pain and cannot do very much physical activity. He has difficulty cutting the grass or preparing meals. Plaintiff has a hard time bending over to pick up a ball or to put on his socks. He has trouble washing his back.

The ALJ found that the statements of Plaintiff regarding his condition and consequences of same were inconsistent with the record as a whole. The determination of whether one is disabled considering all symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent

with the objective medical evidence and other evidence is within the role and function of the ALJ. *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984).

The objective medical evidence, or lack thereof, is an important factor to consider in evaluating subjective complaints. Objective medical evidence is a useful indicator in making reasonable conclusions about the intensity and persistence of a claimant's symptoms and the effect those symptoms may have on a claimant's ability to work. *See* 20 C.F.R. § 404.1529(c)(2). Lack of objective medical evidence is a factor an ALJ may consider. *Forte v. Barnhart*, 377 F.3d 892, 895 (8th Cir. 2004)(citations omitted). The ALJ noted that Plaintiff's medical records show he made good progress with treatment and there were no medical findings consistent with Plaintiff's allegations of severe, ongoing pain. Plaintiff testified that his shoulders were no longer an issue regarding pain. Dr. Mirkin, M.D., Plaintiff's treating orthopedic doctor, found he had reached maximum medical improvement, had undergone work hardening and was able to return to work without limitation. A lumbar CT scan in 2010 showed mild bilateral sacroiliitis. Plaintiff was referred for a pain management consultation and the consulting doctor noted that he did not exhibit pain behavior. He had no spasms, trigger points, or tenderness, no scoliosis or kyphosis and normal lumbar lordosis. He had a normal gait and the ability to heel walk, toe walk and squat without assistance. He had normal sensation and muscle strength in his extremities.

Plaintiff's treating physician, Dr. Jackman noted Plaintiff was doing well and that his pain was relatively well controlled. He had been able to reduce his pain medication and was progressing with physical therapy.

During a neurology examination with Dr. Head, Plaintiff was found to have full range of motion in his extremities.

Dr. Taylor, Plaintiff's surgeon for his lumbar surgery in September 2012, stated that Plaintiff was doing well five weeks after surgery. Plaintiff's pain was well controlled with medication and he reported only mild, intermittent pain without radiculopathy. Plaintiff was highly satisfied with the surgical results. An examination revealed normal muscle strength, reflexes and lower extremity sensation.

Dr. Boutwell, Plaintiff's treating physician, also noted he was doing exceptionally well since surgery and continued to improve in December, 2012, February 2013 and March 2013. Plaintiff's lumbar spine was stable since surgery, as revealed through imagery. Dr. Boutwell noted Plaintiff was doing well with only mild to moderate pain at worst without back tenderness and unrestricted lumbar range of motion in August 2013.

Thus, the objective evidence in the record did not support so many of the subjective complaints of the Plaintiff. "If an impairment can be controlled by treatment or medication, it cannot be considered disabling." *Brown v. Astrue*, 611

F.3d 941, 955 (8th Cir. 2010) (quoting *Brace v. Astrue*, 578 F.3d 882, 885 (8th Cir. 2009)).

The ALJ properly considered Plaintiff's alleged symptoms and pain and substantial evidence supported the credibility finding. *Holley v. Massanari*, 253 F.3d 1088, 1091 (8th Cir. 2001) ("As long as substantial evidence in the record supports the Commissioner's decision, [the court] we may not reverse it either because substantial evidence exists in the record that would have supported a contrary outcome or because we would have decided the case differently.").

In order to formulate the RFC the ALJ considered and discussed the opinions of Plaintiff's primary care providers, the opinions of his surgeons and the opinions of the non-examining medical expert. In this regard the ALJ found that the doctors' opinions were not supported by the record as a whole. Although Plaintiff's treating physician's completed questionnaires setting forth substantial functional limitations, notes written contemporaneously with visits show Plaintiff making good progress with pain that was well controlled *See Goff v. Barnhart*, 421 F.3d 785, 790–91 (8th Cir. 2005) ("[A]n appropriate finding of inconsistency with other evidence alone is sufficient to discount the opinion.").

Plaintiff argues that the ALJ erred because of her finding that Plaintiff did not comply with medical advice to stop smoking and that he had an ulterior motive in seeking disability, i.e., to receive early retirement. The ALJ considered this

information along with the medical records and Plaintiff's testimony. She did not by any means base her decision solely on these two issues. The ALJ, without question, considered all the evidence in formulating Plaintiff's RFC and articulated sound reasons for discounting the medical source opinions and subjective complaints that were not consistent with the record as a whole. Each of the ALJ's findings and conclusions contain a specific basis for same. The ALJ carefully considered all of the evidence.

After careful review, the Court finds the ALJ's decision is supported by substantial evidence on the record as a whole. The decision will be affirmed. *Perkins v. Astrue,* 648 F.3d 892, 900 (8th Cir.2011); *Dunahoo v. Apfel*, 241 F.3d 1033, 1038 (8th Cir. 2001).

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner of Social Security is **Affirmed**.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 27th day of March, 2017.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE